IN THE UNITED STATES DISTRICT COURT
				  FOR THE DISTRICT OF MARYLAND

CLUCK-U, CORP.                    :
                                  :
     v.                           :   Civil Action No. DKC 10-2105
                                  :
C.U.C. OF MARYLAND, INC., et al.  :
                                  :

**MEMORANDUM OPINION**

On or about April 1, 2010, Plaintiff Cluck-U, Corp. ("Cluck-U") filed a complaint in the Circuit Court for Prince George's County, Maryland against five defendants: C.U.C. of Maryland, Inc.; Ken & Jim C.U.C.; Inc.; Docson Consulting, LLC ("Docson"); Kenneth Brady; and Michael Ghiglieri. (Paper 2). Cluck-U contends that Defendants breached several agreements, infringed and counterfeited Cluck-U's trademarks, and engaged in unfair competition. (*Id.*). On the same day, Cluck-U also moved for a temporary restraining order enjoining Defendants Brady and Ghiglieri "from continuing to misappropriate the trade secrets of Cluck-U." (Paper 2, at 17; Paper 4).

On August 2, 2010, Keith Dougherty, *pro se* and on behalf of Docson, removed the case to this court. (Paper 1, at 1). Although his arguments are murky in some instances, Dougherty apparently argues that he is the real party in interest and

should be substituted for all other defendants in the case. (Paper 1, ¶¶ 7, 8; Paper 5).

In a prior show cause order, the court noted that Local Rule 101(a) requires "[a]ll parties other than individuals [to] be represented by counsel." (Paper 6, at 2-3). In other words, "non-human" business entities may not appear *pro se*. (*Id.* at 3). In light of that rule, the court instructed Dougherty to show cause why the case should not be remanded to the Circuit Court for Prince George's County because the corporate defendant, namely Docson, that had purported to remove this case, was not represented by counsel. (*Id.* at 3-4).

Dougherty responded to that order on August 18, 2010. (Paper 8). Citing text from an Internal Revenue Service website, Dougherty asserts that "Docson Consulting LLC is a Single Member LLC [and] as such [is] a disregarded entity pursuant to IRS Rule and informed election." (*Id.* ¶ 1). Dougherty then attempts to invoke the right to self-representation. (*Id.* ¶ 2 (citing *Faretta v. California*, 422 U.S. 806 (1975)). The remainder of his response is largely a disjointed account of various events relating to a Cluck-U franchise in College Park, Maryland. (*Id.* at 3-10).

The tax treatment of limited liability companies, whatever it may be, is plainly irrelevant to the issue of whether Dougherty's *pro* se representation of Docson is permitted. The

applicable law is clear: as a limited liability company, Docson needs an attorney. *See Vick v. Wong*, 263 F.R.D. 325, 328 n.1 (E.D.Va. 2009) ("[A] limited liability company . . . cannot appear *pro se*, even if represented by one of its members, but must be represented by an attorney."); *Sea Island Co. v. The IRI Grp., LLC*, No. 3:07cv013, 2007 WL 2997660, at *1 (W.D.N.C. Oct. 12, 2007) ("[T]he law is well-established that corporate entities and other non-human entities, such as limited liability companies, can appear in federal court only through counsel."); *Gilley v. Shoffner*, 345 F.Supp.2d 563, 567 (M.D.N.C. 2004) ("[A] limited liability company may not appear in this case or seek relief *pro se*."); *cf. Allied Colloids, Inc. v. Jadair, Inc.*, No. 96-2078, 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) ("[A]lmost every court to address this issue has held that a corporation may not appear pro se but must be represented only by duly licensed counsel."). The right to self-representation does not apply in this context. *Cf. Reshard v. Britt*, 839 F.2d 1499, 1502 (11th Cir. 1988) ("Courts have . . . determined that the right of self representation . . . simply has no application where the party in question is a corporation.").

As the court indicated in the prior order, there are a number of reasons to question the court's jurisdiction over this matter. Removal, however, appears defective, regardless of other problems. Docson's lack of counsel, has proven fatal to

removal. The notice is defective because the corporate defendant cannot represent itself. The case will therefore be remanded. Because the case will be remanded, the court will not consider the pending motions to remand[1] and for a temporary restraining order. A separate order will follow.

                                              /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge

---

[1] Cluck-U moved to remand. (Paper 7). Cluck-U argues that the removal was untimely, was improperly effected by a non-party to the action, and was improper because there is no diversity of citizenship. (Paper 7, at 3). Cluck-U also notes that, as explained above, Local Rule 101.1(a) bars Dougherty's purported *pro se* representation of Docson. (*Id.*).